IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTIAN WHITTLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-474-RAH-CSC ) (WO) |
| DERRICK CUNNINGHAM, *et al.*, | ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christian Whittle, a prisoner proceeding *pro se*, filed this civil action on August 9, 2023. (Doc. 1.) Whittle applied for leave to proceed *in forma pauperis* (Doc. 2), but he did not submit information regarding the funds in his inmate account. That information is necessary to assess a *pro se* plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1). Consequently, the Court entered an order on August 10, 2023, directing Whittle to file his inmate account information by August 24, 2023.[1] (Doc. 3.) The Court specifically cautioned Whittle that his failure to comply with its order would result in a recommendation that his case be dismissed. (Doc. 3 at 2.)

To date, Whittle has not submitted his inmate account information as directed in the Court's August 10 order, and he has not otherwise responded to that order. Because Whittle has failed to file his inmate account information as directed, the undersigned concludes that

---

[1] The Court specifically directed Whittle to submit an inmate account statement from the Montgomery County Detention Facility reflecting the average monthly balance in his inmate account and the average monthly deposits to his account for the 6-month period immediately preceding the filing of the complaint.


his case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31.

Here, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co- Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that by **October 10, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 25th day of September 2023.

                /s/  Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE